LOUISA L. CLARK, Executrix, etc., *v.* JASON NILES.

1. PROBATE COURT: BOND OF EXECUTRIX REQUIRED BY COURT WHEN NOT REQUIRED BY WILL. — Art. 54, p. 436, Revised Code, provides that "when the testator by will shall direct that his executor shall not be required to give bond, then none shall be required, unless the court at any time should have good reason to suspect the executor of fraud or mal-administration." This statute only reiterates what has been the action of courts having jurisdiction of the settlement of estates.

2. SAME: SAME: LETTERS TESTAMENTARY REVOKED ON FAILURE OF EXECUTOR TO COMPLY WITH ORDER OF THE COURT. — If on the application of a creditor of the estate, or the court on its own motion, direct an executrix to give bond, although the will provides none to be given, and such executrix fail to obey the order of the court, the court can revoke the letters testamentary granted to the executrix.

APPEAL from the Probate Court of Attala county.    Hon. J. W. Scarborough, judge.

*G. L. Potter* for appellant.

Executors and administrators should act with prudence and circumspection, and not pay claims till full time is allowed to learn the true condition of the estate, etc.    They are required to pay debts " as speedily as may be," " if the estate be solvent " (Revised Code, arts. 82, 443); but creditors are allowed two years to present their claims.

It is represented that the estate is largely indebted to the estate of S. S. Clark; time must be allowed for investigating this.    It might produce insolvency, and appellant acted under proper advice not to pay debts generally, until the true state of the case was ascertained.

By the will she is appointed executrix, and bond is dispensed with.    The decree of the court at December Term requires her

to give bond as administratrix, and then at May Term, 1867, describes her as executrix; and how could the decree require this executrix to give bond as administratrix?

The answer presents a full vindication of appellant. The case was set for hearing upon petition and answer, without opportunity allowed for proof, and therefore every statement of the answer must be admitted by the petition. There is no proof of mal-administration. This was a plenary proceeding on petition and answer. Revised Code, p. 430 *et seq.* In such cases "all the depositions shall be taken in writing, and recorded." We have then the whole case here, and no proof, because none was offered. But it is not necessary to discuss that part of the case, as the appeal brings in review all the previous orders. 33 Miss. 560.

*Jason Niles, in propriâ personâ*, argued:

1. A large estate was in the hands of an administratrix with the will annexed, or, as *she* claims, *executrix*. No bond and security as such administratrix, or as executrix, had been given. Complaint is made to the Probate Court, with prayer that she be required to give bond. The court granted the prayer, and on failure to give the bond her letters were revoked.

2. The answer, while insisting that the *will* appointed her executrix, admits that the *Probate Court* "saw fit to denominate her administratrix with the will annexed," but claims that it makes no difference as to what she is styled. *Neither the will nor the letters are any part of the record, not being made exhibits in the pleadings.*

3. The petition in this case was filed to October Term, A.D. 1865, of the court, and certain witnesses were ordered to be subpoenaed in said case. Their testimony is not set out in the record.

4. The time to give the required bond was extended from term to term for twenty months, before the revocation of letters was decreed.

5. If the estate be insolvent, then the *law*, and not the writing of the decedent, becomes the rule of action and guide

to the person having charge of the estate. The rights of creditors are, in such case, paramount to all other claims — in fact, are the *only rights* to be considered. It is doubly important, then, that they should be protected by adequate bond and security.

6. Whether the executrix be so styled, or styled " administratrix with the will annexed " (to use the language of appellant in her answer), " matters not." She has in her hands a large estate, in which, if it be insolvent (as she insists), creditors alone are interested. They ought to be protected in their rights by adequate bond and security. They have no such protection. To withhold it would be a wrong to them.

BROWN, J., delivered the opinion of the court.

The defendant in error being a creditor of the estate of Silas H. Clark, deceased, filed a petition in the Probate Court, asking that the plaintiff in error be cited to appear and show cause why she should not be required to give bond as such executrix. She appeared and filed her answer, and set up the fact that by the will of said decedent she was named as executrix, and by its terms not required to give bond in administering said trust.

At the December Term of said court, 1865, the cause was heard upon the petition and answer, and the court finding that it was for the interest of the estate that the said executrix should give bond, ordered her to do so, in the sum of fifty thousand dollars.

The matter was continued by the indulgence of the court, without a compliance with the order of the court, until the August Term, 1867, when the complainant in error filed her bill of review, setting up new matter, which was, mainly : that the estate in the meantime had become insolvent, and the bond was excessive, to which bill the defendant in error demurred, and on hearing, the court sustained the demurrer and dismissed the bill. The appellant, still failing to comply with the order of the court, her letters testamentary were revoked, from which rulings of the court said executrix appeals, and assigns the following errors :

1. The court erred in requiring appellant to give administration bond; also in requiring her to give bond as administratrix, she being executrix.

2. It was error to proceed and decree against appellant as administratrix, when the record shows she is executrix. ,

3. Said decree is erroneous in this, that no cause is admitted or proved to justify such order — no case shown in which bond could be required.

4. The court erred in sustaining demurrer to appellant's bill of review.

5. The court erred in revoking the letters testamentary granted to the appellant, and in removing her from her said office of executrix.

Counsel seem to give importance in the assignment of errors to the fact that the appellant is designated in some parts of the record as administratrix, instead of executrix.

We do not consider this exception as well taken. It is merely a clerical misnomer, that does not in any way prejudice the appellant in her rights as executrix.

The court did not attempt to change her relation to the estate, but simply required her to give bond for the faithful discharge of the trust upon which she had some time previously entered, and the giving of a bond as executrix would have been a compliance with the order of the court.

The main question presented by the errors assigned is, Was there such a case admitted or proven as warranted the court in requiring the appellant, as such executrix, to give bond for the faithful discharge of said trust committed to her by the will of her deceased husband?

Our statute provides, Revised Code, p. 436, art. 54, "When the testator, by will, shall direct that his executor shall not be required to give bond, then none shall be required, unless the court at any time should have good reason to suspect the executor of fraud or mal-administration."

This statute only reiterates what has been the action of courts having jurisdiction of the settlement of estates of deceased persons.

The nature of the business, as well as the relation between the Probate Judge and administrators or executors, requires that the Judge should have and should more frequently exercise a general supervision over the settlement of estates, and upon his own motion require the representatives of such estate to give new or additional bonds whenever, in his judgment, the interest of the heirs or creditors of such estates might seem to require the same.

In this case the defendant in error, being a creditor of the estate, applied to the court for a citation that the executrix might appear and show cause why she should not be required to give bond for the faithful discharge of her duties as such executrix, though the will did dispense with such bond. She appeared, filed her answer, and the court heard the case, and found that it was for the interest of the estate that she should give bond as such executrix, and made an order accordingly.

It does not matter, in our judgment, whether the court below came to its conclusion from sworn testimony in open court, or from facts that the court was bound to take notice of officially.

The executrix, by the indulgence of the court, not having complied with said order, about two years afterwards filed her bill of review, setting up as new matter that the estate had become insolvent. The demurrer to this bill was sustained, and the bill dismissed, and the order renewed requiring her as such executrix to give bond, which she failed to comply with, and she was removed from her trust. The fact that the estate had become under her administration insolvent, was of itself a sufficient reason why she should be required to give bond. She was no longer acting as the residuary legatee of the estate, but as a trustee for the creditors, and it became the imperative duty of the court to see that the trust was faithfully executed.

In view of all these facts, we affirm the decree of the court below.